IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:12-CV-80701

FLORIDA ATLANTIC UNIVERSITY
RESEARCH CORPORATION AND
DOMAINE ASSOCIATES, LLC,

      Plaintiffs,

v.

TPV TECHNOLOGY LIMITED;
TOP VICTORY INTERNATIONAL
LIMITED;
TOP VICTORY ELECTRONICS (FUJIAN)
CO., LTD;
TOP VICTORY ELECTRONICS
(TAIWAN) CO., LTD;
TPV ELECTRONICS (FUJIAN) CO., LTD;
TPV INTERNATIONAL (USA), INC.;
ENVISION PERIPHERALS, INC.; AND
AOC INTERNATIONAL,

      Defendants.

JURY TRIAL DEMANDED

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
*Attorneys for Plaintiffs*

## AMENDED COMPLAINT

Plaintiffs, Florida Atlantic University Research Corporation ("FAURC") and Domaine Associates, LLC ("Domaine") (collectively, the "Plaintiffs"), hereby complain and allege against Defendants TPV Technology Limited ("TPV Technology"), Top Victory International Limited ("Top Victory International"), Top Victory Electronics (Fujian) Co., Ltd. ("Top Victory Fujian"), Top Victory Electronics (Taiwan) Co., Ltd. ("Top Victory Taiwan"), TPV Electronics (Fujian) Co. Ltd. ("TPV Fujian"), TPV International (USA), Inc. ("TPV USA"), Envision Peripherals, Inc. ("Envision Peripherals"), and AOC International ("AOC") (collectively referred to as "TPV" and "Defendants") as follows:

### I.   NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, subsystems, components, and/or systems that infringe one or more claims of United States Patent No. 5,349,385, titled "Adaptive Scan Converter," which lists as the sole inventor Dr. William E. Glenn and issued on September 20, 1994, a true and correct copy of which is attached hereto as Exhibit 1 (the "'385 Patent").

2. This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, subsystems, components, and systems that operate using video scaling and scan converting technologies.

### II.   THE PARTIES

3. Plaintiff FAURC is a non-stock, non-profit, direct support organization organized and existing under the laws of the State of Florida, with its principal place of business located at

777 Glades Road, Boca Raton, FL 33431, in the judicial district of the Southern District of Florida ("the Southern District of Florida").

4. Plaintiff Domaine is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1750 Tysons Blvd., Suite 530, McLean, VA 22102.

5. Defendant TPV Technology is a Bermuda corporation having its registered office at Canon's Court, 22 Victoria Street, Hamilton HM 12, Bermuda, and its principal place of business at Units 1208-16, 12/F, C-Bons International Center, 108 Wai Yip Street, Kwun Tong, Hong Kong. TPV Technology is a foreign corporation that conducts business in Florida and does not have a resident agent or officer in the State of Florida. It has therefore accepted the Florida Secretary of State as its substituted agent for service of process as provided by Section 48.181, Florida Statutes. Upon information and belief, TPV Technology regularly conducts, engages in, or carries on business in the State of Florida. TPV Technology makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components and systems that are branded "AOC," and, on information and belief, directly and/or indirectly controls the operations of its subsidiaries, including Defendants Envision Peripherals, TPV USA and/or AOC.

6. Defendant Top Victory International is a British Virgin Islands corporation having its principal office at C/O Offshore Incorporations Limited, Offshore Incorporations Centre, Road Town, British Virgin Islands, and is a subsidiary of TPV Technology. Top Victory International is a foreign corporation that conducts business in Florida and does not have a resident agent or officer in the State of Florida. It has therefore accepted the Florida Secretary of

State as its substituted agent for service of process as provided by Section 48.181, Florida Statutes. Upon information and belief, Top Victory International regularly conducts, engages in, or carries on a business in the State of Florida. Top Victory International makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components, and/or systems that are branded "AOC," and, on information and belief, directly and/or indirectly controls the operations of its subsidiaries, including Defendants Envision Peripherals, TPV USA and/or AOC.

7. Defendant Top Victory Fujian is a company of China having its principal place of business at Shangzheng Village, Yuanhong Road, Honglu Town, 350300 Fuqing 350300 China, and is a subsidiary of TPV Technology. Top Victory Fujian is a foreign corporation that conducts business in Florida and does not have a resident agent or officer in the State of Florida. It has therefore accepted the Florida Secretary of State as its substituted agent for service of process as provided by Section 48.181, Florida Statutes. Upon information and belief, Top Victory Fujian regularly conducts, engages in, or carries on a business in the State of Florida. Top Victory Fujian makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components, and/or systems that are branded "AOC," and, on information and belief, directly and/or indirectly controls the operations of certain of its affiliates, including Defendants Envision Peripherals, TPV USA and/or AOC.

8. Defendant Top Victory Taiwan is a company of Taiwan having its principal place of business at 10f, 230, Lien Cheng Road, 23553 New Taipei City 23553 Taiwan, and is a

subsidiary of TPV Technology. Top Victory Taiwan is a foreign corporation that conducts business in Florida and does not have a resident agent or officer in the State of Florida. It has therefore accepted the Florida Secretary of State as its substituted agent for service of process as provided by Section 48.181, Florida Statutes. Upon information and belief, Top Victory Taiwan regularly conducts, engages in, or carries on a business in the State of Florida. Top Victory Taiwan makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components, and/or systems that are branded "AOC," and, on information and belief, directly and/or indirectly controls the operations of certain of its affiliates, including Defendants Envision Peripherals, TPV USA and/or AOC.

9. Defendant TPV Fujian is a company of China having its principal place of business at Shangzheng Village. Yuanhong Road, 350301 Fuqing 350301 China, and is a subsidiary of TPV Technology. TPV Fujian is a foreign corporation that conducts business in Florida and does not have a resident agent or officer in the State of Florida. It has therefore accepted the Florida Secretary of State as its substituted agent for service of process as provided by Section 48.181, Florida Statutes. Upon information and belief, TPV Fujian regularly conducts, engages in, or carries on a business in the State of Florida. TPV Fujian makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components, and/or systems that are branded "AOC," and, on information and belief, directly and/or indirectly controls the operations of certain of its affiliates, including Defendants Envision Peripherals, TPV USA and/or AOC.

10. Defendant TPV USA is a California corporation having its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, TX 78731, and is a subsidiary of TPV Technology. Upon information and belief, TPV USA regularly conducts business in the State of Florida and has established an agent for service of process within the State at CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. TPV USA makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components, and/or systems that are branded "AOC," and, on information and belief, its operations are controlled directly and/or indirectly by one or more of its affiliates, including one or more of the other Defendants.

11. Envision Peripherals, is a California corporation with its principal place of business at 47490 Seabridge Drive, Fremont, CA 94538. Envision Peripherals has a sales office at 8300 NW 53 Street, Suite 204, Miami, FL 33166. Upon information and belief, Envision Peripherals, a subsidiary of Defendant TPV Technology, regularly conducts business in the State of Florida and has established an agent for service of process within the State at CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. Envision Peripherals makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components, and/or systems that are branded "AOC," and, on information and belief, its operations are controlled directly and/or indirectly by one or more of its affiliates, including one or more of the other Defendants.

12. Defendant AOC is a private company with its principal place of business at 47490 Seabridge Drive, Fremont, CA 94538. Upon information and belief, AOC, a subsidiary of

Defendant TPV Technology, regularly conducts business in the State of Florida and has established an agent for service of process within the State at CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. AOC makes, uses, sells, offers for sale, exports to and/or imports into the United States certain products, subsystems, components, and/or systems that infringe one or more of the claims of the '385 Patent, including certain products, subsystems, components, and/or systems that are branded "AOC," and, on information and belief, its operations are controlled directly and/or indirectly by one or more of its affiliates, including one or more of the other Defendants.

### III. JURISDICTION AND VENUE

13. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14. Defendants are subject to personal jurisdiction in the State of Florida because they regularly transact business in this judicial district and division by, among other things, offering their "AOC" branded products, subsystems, components, and/or systems to customers, through numerous retailers such as Best Buy and Brandsmart USA stores at their locations in the State of Florida and through their web sites that are accessed in this judicial district and division. In addition, the Defendants have committed acts of infringement of one or more of the claims of the '385 Patent in this judicial district and division. Based at least on the foregoing, the present cause of action arises out of Defendants' transactions and operations connected with or incidental to its business in the State of Florida.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

## IV. FACTUAL ALLEGATIONS

### FAURC AND DOMAINE BACKGROUND

16. Plaintiff FAURC is a not-for-profit, direct support organization for Florida Atlantic University ("FAU") that assists faculty, staff and students at FAU with research support, particularly in connection with patentable inventions. FAURC works with external sponsors to arrange royalty-generating licenses for the licensed use of FAURC and FAU intellectual property (*e.g.* patents and copyrights) resulting from FAU research.

17. Founded in 1961, FAU is a large public research university of the State of Florida enrolling approximately 29,000 students in seven campuses located through the southeast Florida coast. FAU offers more than 170 degree programs at the bachelor's, masters, and doctoral level.

18. FAU is classified by The Carnegie Foundation for the Advancement of Teaching as a research university with high research activity. FAU has established notable partnerships with major research institutions such as The Scripps Research Institute, the Torrey Pines Institute for Molecular Studies, and the Max Planck Society.

19. FAU operates two research and development facilities, one in Deerfield Beach and one in Boca Raton that provide outside research facilities for companies, which enable them to interact with the university community and its facilities, faculty, students, resources, and expertise. Located at the research and development facility on the Boca Raton campus is a Technology Business Incubator that fosters the start-up and growth of technology-based businesses associated with FAU.

20. FAURC is the assignee and sole owner of all right, title and interest in and to the '385 Patent.

21. Domaine is the exclusive licensee of the '385 Patent.

### Dr. Glenn and the '385 Patent

22. The inventor of the '385 Patent is Dr. William E. Glenn ("Dr. Glenn"), Professor Emeritus at FAU's College of Engineering and recipient of FAU's Motorola Professor Chair. Dr. Glenn has a bachelors degree from the Georgia Institute of Technology and masters and doctoral degrees from the University of California, Berkeley, all in electrical engineering.

23. Dr. Glenn is an inventor on more than 130 issued U.S. patents, many of which have been implemented in commercial products.

24. Dr. Glenn has received numerous honors and awards, including a television EMMY® in 1978 from the National Academy of Television Arts and Sciences for his digital noise reducer. Other honors and awards include:

- Fellow of the Society of Motion Picture and Television Engineers ("SMPTE")
- IR 100 Award for General Electric's ("GE") Talaria projector[1]
- IR 100 Award for Electronic Video Recording (with Peter Goldmark)
- Georgia Institute of Technology - *Most Outstanding Alumnus*, 1960
- Society of Photographic Scientists and Engineers ("SPSE") - Kosar Memorial Award for Unconventional Photography, 1974[2]
- SMPTE - Journal Award for Outstanding Paper on Television, 1987
- International Conference of Consumer Electronics ("ICCE") - Most Outstanding Paper Award, 1988
- SMPTE - David Sarnoff Gold Medal, 1989
- Society for Information Display - Karl Ferdinand Braun Prize, 1993
- American Electronics Association - 50th Anniversary Recognition Award, 1993
- Society for Information Display - Fellow Award, 1998.

---

[1] The R&D 100 Awards, established in 1963 were originally known as the I-R 100s, in keeping with the original name of the magazine, *Industrial Research*. The winners were picked by a panel of outside judges selected by the publisher and editor. Over the years, the R&D 100 Awards have recognized winning products with such household names as Polacolor film (1963), the flashcube (1965), the automated teller machine (1973), the halogen lamp (1974), the fax machine (1975), the liquid crystal display (1980), the printer (1986), the Kodak Photo CD (1991), the Nicoderm antismoking patch (1992), Taxol anticancer drug (1993), lab on a chip (1996), and HDTV (1998).

[2] SPSE is a former name for the Society for Imaging Science and Technology ("IS&T").

25. Dr. Glenn has authored or co-authored more than 100 technical papers in the area of imaging technology and served on many professional societies and organizations.

26. The '385 Patent was duly issued on September 20, 1994 from a patent application filed in the United States Patent and Trademark Office on August 6, 1992.

## V.   CLAIMS

### COUNT I

### INFRINGEMENT OF THE '385 PATENT

27. Plaintiffs incorporate by reference their allegations in Paragraphs 1-26 as if fully restated in this paragraph.

28. Plaintiff FAURC is the owner by assignment of all right, title and interest to the '385 Patent. Plaintiff Domaine is the exclusive licensee of the '385 Patent. Plaintiffs have the legal right to enforce the '385 Patent, sue for infringement, recover damages for infringement of the '385 Patent, and seek other equitable relief and damages.

29. Defendants have been infringing and continue to infringe one or more of the claims of the '385 Patent through at least the acts of making, having made, using, selling, offering for sale and/or importing infringing products, subsystems, components and systems, including "AOC" branded products, subsystems, components and systems. Defendants' infringing products, subsystems, components and systems include, without limitation, the 919VWA model TFT19W80PSA computer monitor, other products which include or are bundled with the aforementioned product, and other products that include the ability to scale or convert video in the manner claimed by the '385 Patent.

30. Plaintiffs are entitled to recover damages adequate to compensate for the infringement of the '385 Patent by the Defendants.

## VI. JURY DEMAND

Plaintiffs FAURC and Domaine demand a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FAURC and Domaine pray for judgment against each of the Defendants, granting FAURC and Domaine the following relief:

A. That this Court adjudge and decree that the Defendants have infringed the '385 Patent as alleged above;

B. That this Court order an accounting to determine the damages to be awarded to FAURC and Domaine as a result of Defendants' infringement;

C. That this Court order an award to FAURC and Domaine of such damages as it shall prove at trial against Defendants that are adequate to compensate FAURC and Domaine for Defendants' infringement, said damages to be no less than a reasonable royalty together with interest and costs;

D. That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284; and

E. That this Court grant such other and further relief as the Court may deem proper and just.

Dated: October 12, 2012

Respectfully submitted,

By: /s/Laurie Uustal Mathews
Laurie Uustal Mathews (FBN 120618)
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Gregory N. Stillman (pending *pro hac vice*)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Ste. 1000
Norfolk, VA 23510
Telephone: (757) 640-5314
Facsimile: (757) 625-7720

Ozzie A. Farres (FBN 149020)
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

*Attorneys for Plaintiffs Florida Atlantic University Research Corporation and Domaine, LLC*