IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SEITZ/SIMONTON

FLORIDA ATLANTIC UNIVERSITY
RESEARCH CORPORATION AND
DOMAINE ASSOCIATES, LLC,

      Plaintiffs,

v.     CASE NO. 09-12-cv-80694

ACER INC., et al.,

      Defendants.
_____/

v.     CASE NO. 09-12-cv-80697

ASUS COMPUTER INTERNATIONAL,
et al.,

      Defendants.
_____/

v.     CASE NO. 09-12-cv-80701

TPV TECHNOLOGY LIMITED, et al.,

      Defendants.
_____/

**PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS FOR PRETRIAL PURPOSES**

Plaintiffs, Florida Atlantic University Research Corporation ("FAURC") and Domaine Associates, LLC ("Domaine") (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 42(a), move to consolidate for all pretrial purposes the above-styled related actions – Case Nos. 09-12-cv-80694 (the "Acer Action"), 09-12-cv-80697 (the "ASUS Action"), and 09-12-cv-80701 (the "TPV Action") (collectively, the "Related Actions").

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 28 and 29, 2012, Plaintiffs filed the Acer, ASUS and TPV Actions for patent infringement, along with civil cover sheets identifying the 3 actions as related. The Acer, ASUS and TPV Actions are brought by the same Plaintiffs, allege infringement of the same patent – the '385 Patent, invented by Dr. William E. Glenn – and involve the same technology. Because the Related Actions involve common issues of law and fact, and consistent with the Rule 3.8 of the Local Rules of the United States District Court for the Southern District of Florida and Sections 2.06.00 and 2.15.00(C) of the Court's Internal Operating Procedures, the Related Actions were subsequently transferred to this Court as related cases.

On or about September 17, 2012, the Court issued an Order Requiring Joint Scheduling Report and Setting Scheduling and Planning Conference in each of the Related Actions (the "JSR Orders"). (*See* Acer Action, ECF No. 12; ASUS Action, ECF No. 18; TPV Action, ECF No. 7.) In the JSR Orders, the Court noted that the Related Actions involve the same patent – the '385 patent – and directed counsel for Plaintiffs to coordinate the proposed schedules in the Related Actions up to and through the Markman hearing. (*Id.* at 1-2.)

As required by the JSR Orders, on November 30, 2012, Plaintiffs and the Acer Defendants, the ASUS Defendants and the TPV Defendants filed the same Joint Scheduling Report in each of the Related Actions that proposed dates and deadlines that would govern all 3 Actions – the Acer Action, the ASUS Action and the TPV Action. (*See* Acer Action, ECF No. 24 at 5-7; ASUS Action, ECF No. 36 at 5-7; TPV Action, ECF No. 31 at 5-7.) In the Joint Scheduling Reports, the parties proposed that they would submit consolidated or Joint Claim Construction and Markman briefs pertaining to the claims asserted in all 3 of the Related Actions and requested that the Court conduct one consolidated or joint Markman hearing. (*Id.*) In fact, the Joint Scheduling Reports filed in the Related Actions were identical. For example, they

contained the same consolidated caption that included the styles of all 3 Related Actions, proposed trial dates for all 3 Related Actions and attached the same Exhibits – Plaintiffs' Disclosure of Asserted and Preliminary Infringement Contentions, along with supporting documents, attached as Exhibits A-1 (Acer), A-2 (ASUS), and A-3 (TPV).  (*Id.* at 1, 4.)

In light of the obvious overlap of the legal and factual issues involved in the case and the uniform and coordinated schedule already proposed, and substantially agreed, by the parties, Plaintiffs now request that the Court consolidate the Related Actions for pretrial purposes through and including the Markman hearing.

## MEMORANDUM OF LAW

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact" the court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  The Eleventh Circuit has encouraged trial judges to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir. 1966), *cert. denied*, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967)).

Since the America Invents Act ("AIA") became law in September, 2011, pretrial consolidation of related patent actions has become a common and efficient method for preserving judicial resources in patent infringement actions, while still complying with the AIA.  The AIA limits the ***joinder*** of multiple defendants in patent cases, thereby requiring plaintiffs to file multiple actions for infringement of the same patent against different defendants or defendant groups.  *See* 35 U.S.C. § 299 (providing that "accused infringers may not be ***joined*** in one action as defendants . . . or have their actions consolidated ***for trial***, based solely on allegations that they each have infringed the patent or patents in suit") (emphasis added).  The

3

AIA is, however, silent as to **pretrial** consolidation. Thus, it is clear that the AIA does not alter the authority of a court to order **pretrial consolidation** of related patent cases. *See, e.g., In re Bear Creek Techs., Inc. ('722) Patent Litigation,* MDL No. 2344, 858 F.Supp.2d 1375, 1378 (J.P.M.L. May 2, 2012) (finding that the AIA did not alter the Panel's authority to order pretrial consolidation); *see also In re World Wide Medical Tech., LLC*, Nos. 4:11-cv-614, 4:12-cv-170, 2012 WL 1252423, at *1 (N.D. Fla. April 13, 2012) (noting that it had consolidated 8 patent cases for pretrial purposes).[1]

Any other reading of the AIA would contradict the statute's express terms and place undue burden on judicial resources. These issues were addressed by the Court in *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, Nos. 6:12-cv-508, 6:11-cv-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012), a patent infringement case filed prior to passage of the AIA in which the plaintiffs alleged that in excess of 20 defendants infringed the same patent. After the AIA was subsequently enacted, the court severed the original action into 18 separate actions and consolidated those actions for pretrial purposes. *Id.* at *4, 6. In finding that consolidation was appropriate, the court observed:

> In response to the AIA's joinder provision, plaintiffs now serially file multiple single-defendant (or defendant group) cases involving the same underlying patents. This presents administrative challenges for the Court and, left unchecked, wastes judicial resources by requiring common issues to be addressed individually for each case.

*Id.* at *4 (quoted with favor in *Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10-cv-435, 2012 WL 3544881, at *6 (E.D. Tex. Aug. 15 2012)). The court further noted that "what was once a single motion to substitute parties (or join a plaintiff) becomes multiple motions" that "must each

---

[1] *See also* April 11, 2012 Order in *In re World Wide Medical Tech., LLC*, Nos.4:11-cv-614, D.E. 69, attached hereto as Exhibit A (consolidating actions "because common questions of law are involved in these eight patent infringement cases"); April 11, 2012 Order in *In re World Wide Medical Tech., LLC*, Nos.4:11-cv-614, D.E. 70, attached hereto as Exhibit B (directing the consolidation of the eight patent actions).

be processed by the Court and staff, including review of the underlying motions and docketing individual orders addressing each motion." *Id.*  Likewise, the court found that even more difficulties are involved in considering substantive motions filed in duplicative cases, where "the Court is required to ***waste time digesting duplicative arguments to ensure that new arguments are not hidden among the plethora of common arguments.*"** *Id*. (emphasis added).  As a result, the court ordered consolidation under Rule 42(a) of the related actions for pretrial purposes. *Id.; see also Oasis Research, LLC*, 2012 WL 3544881 at *7 (consolidating 5 patent infringement cases involving 12 defendants for pretrial purposes).

Like in *Norman IP Holdings*, the standard for consolidation under Rule 42(a) is clearly met here as the Related Actions involve common questions of law and fact.[2]  In each of the actions – the Acer, ASUS and TPV Actions – the same Plaintiffs allege infringement of the same patent – the '385 Patent, invented by Dr. William E. Glenn ("Dr. Glenn"), Distinguished Professor at FAU's College of Engineering.  Likewise, the infringement claims asserted in the Related Actions involve similar display devices and related products offered by the Acer, ASUS and TPV Defendants.  As such, the parties anticipate that there will be significant overlapping factual and legal issues between the Related Actions, particularly with respect to discovery and claim construction of the '385 Patent.

In fact, by their actions, Defendants have implicitly admitted that consolidation of the Related Actions would be beneficial.  For example, they have recognized the administrative

---

[2] Indeed, in accepting transfer of the Related Actions as "similar" pursuant to Rule 3.8 of the Local Rules of the United States District Court for the Southern District of Florida and Sections 2.06.00 and 2.15.00(C) of the Court's Internal Operating Procedures, this Court has already recognized the common factual and legal issues involved in the Related Actions and the unnecessary duplication of judicial labor that would be caused by maintaining three different actions.  *See, e.g.,* S.D. Fla. I.O.P. 2.15.00(c) (defining as "similar" cases involving "subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge").

burdens associated with maintaining three separate actions by submitting *identical* Joint Scheduling Reports in the Related Actions with *one* consolidated case style. Likewise, from a substantive perspective, Defendants have recognized the common legal and factual issues involved in this case by agreeing to participate in joint claim construction and Markman briefing and a consolidated or joint Markman hearing.

There is simply no reason to burden the Court with maintaining three separate cases. Such a course would result in the Court being inundated with duplicative motions filed at different times in three different cases, addressing each motion separately, and docketing and entering individual orders in three different cases. Consolidation of the Related Actions would promote judicial economy and prevent unnecessary duplication of efforts by the Court and parties.

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court consolidate Case Nos. 09-12-cv-80694, 09-12-cv-80697, and 09-12-cv-80701 into Case No. 09-12-cv-80694 for all pretrial matters.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Plaintiffs have conferred with counsel for all Defendants in the Related Actions in a good faith effort to resolve the issues raised in this motion and that the parties have been unable to reach a resolution.

Dated: January 9, 2013             Respectfully submitted,

*Attorneys for Plaintiffs Florida Atlantic University Research Corporation and Domaine, LLC*

/s/Laurie Uustal Mathews
Laurie Uustal Mathews (FBN 120618)
HUNTON & WILLIAMS, LLP
1111 Brickell Avenue, Suite 2500

Miami, FL 33131
Tel: (305) 810-2500
Fax: (305) 810-2460
Email: lmathews@hunton.com

Ozzie A. Farres (FBN 149020)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Tel: (202) 955-1500
Fax: (202) 778-2201
Email: ofarres@hunton.com

Gregory N. Stillman
(*admitted pro hac vice in the Acer Action*)
HUNTON & WILLIAMS LLP
500 East Main Street, Ste. 1000
Norfolk, VA 23510
Tel: (757) 640-5314
Fax: (757) 625-7720
Email: gstillman@hunton.com

Michael A. O'Shea
(*admitted pro hac vice in the Acer Action*)
Leonard C. Suchyta
(*admitted pro hac vice in the Acer Action*)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel: (202) 955-1500
Fax: (202) 778-2201
Email: moshea@hunton.com
Email: lsuchyta@hunton.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on January 9, 2013, on all counsel or parties of record.

/s/Laurie Uustal Mathews
Laurie Uustal Mathews