UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-CV-80701-SEITZ(consolidated)

FLORIDA ATLANTIC UNIVERSITY
RESEARCH CORPORATION, *et al.,*
     Plaintiffs,

v.                                     CASE NO. 12-80694-CIV-SEITZ

ACER, INC., *et al.,*
     Defendants.
_____/

FLORIDA ATLANTIC UNIVERSITY
RESEARCH CORPORATION, *et al.,*
     Plaintiffs,

v.                                     Case No.:12-80697-CIV-SEITZ

ASUS COMPUTER INTERNATIONAL, *et al.,*
     Defendants.
_____/

FLORIDA ATLANTIC UNIVERSITY
RESEARCH CORPORATION, *et al.,*
     Plaintiffs,

v.                                     Case No.:12-80701-CIV-SEITZ

TPV TECHNOLOGY LIMITED, *et al.,*
     Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR ORAL ARGUMENT

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration of the

Court's Order Granting Summary Judgment on Indefiniteness and to Alter or Amend the

Judgment By Vacating It [DE-308] and the Plaintiffs' Request for Oral Argument [DE-309].[1]

Defendants have filed a response and Plaintiffs have filed a reply to the Motion for

_____

[1]The Motion for Reconsideration is DE-270 in Case No. 12-80694 and DE-272 in Case No. 12-80697.   The Motion for Oral Argument is DE-271 in Case No. 12-80694 and DE-273 in Case No. 12-80697.

Reconsideration.  The Court's Amended Order Granting Defendants' Motion for Summary Judgment found that Plaintiffs' patent, U.S. Patent No. 5,349,385 (the '385 Patent or the Patent), for an adaptive scan converter, is indefinite under 35 U.S.C. § 112(b) because it does not clearly link corresponding structure to the "means for recognizing the number of lines in said [input/first[2]] format."

This claim is a means-plus-function claim.  Therefore, as previously stated by the Court, the dispositive inquiry for indefiniteness is whether one of ordinary skill in the art would understand the written description itself to disclose a structure, not simply whether such a person, reading the specification, would be capable of implementing a structure to perform the function.  *See* DE-303 at 9 (citing *Biomedino, LLC v. Waters Technologies Corp.*, 490 F.3d 946, 952 (Fed. Cir. 2007)).  At times, Plaintiffs seem to conflate function and structure.  There is no question as to the function of the disputed claim – counting the number of horizontal lines.  However, means-plus-function claiming requires an identifiable structure for carrying out that function.  Here, Plaintiffs have not shown that the Court erred in finding that the '385 Patent does not disclose such a structure.  Because Plaintiffs have not met their burden for reconsideration, the motions are denied.

## I. Reconsideration Standard

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration:  (1) an intervening change in controlling law; (2) the

---

[2]The parties agree that the terms "input format" and "first format" are essentially interchangeable in the '385 Patent.

availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. In order to demonstrate clear error, a plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through-rightly or wrongly . . .. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe* v. *Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted).

## II.  Discussion

Plaintiffs' argue that the Court erred in finding the '385 Patent indefinite because the Court improperly based its decision on evidence regarding infringement, when it should only have looked to the Patent to determine the structure disclosed to a person of ordinary skill in the art. Defendants oppose the motion on its merits and because it reiterates arguments previously made and rejected by the Court. This latter reason alone is sufficient to deny the motion. While Plaintiffs attempt to argue that the Court's error was one of "apprehension," not one of reasoning, in this case, this distinction is one of semantics, not substance, and is nothing more than an attempt to get around the high standard for reconsideration. Nonetheless, the motion should also

be denied on its merits.

Plaintiffs assert that both experts unequivocally testified that the '385 Patent discloses a counter, despite no mention of one in the written specifications, and that a person of ordinary skill in the art would know the structure of that counter. Plaintiffs point to Figure 1 of the '385 Patent to support this theory. In Figure 1 of the Patent, the relevant portion of which is set out below, both the H sync and the V sync signals enter Auto Line Number 30.



FIG. 1

According to Plaintiffs, this Figure indicates that the *only* role for the H sync and V sync signals is to cause the counter inside Auto Line Number 30 to count the H sync pulses and reset the count on the V sync pulse. Plaintiffs assert that a person of ordinary skill in the art would *immediately* recognize the structure disclosed, as part of Auto Line Number 30, to be something that counts pulses, despite the absence of any actual structure in the specifications or the Figure. However, Plaintiffs' own expert testified at the *Markman* hearing that the counting could be done in, at least, two ways using the sync signals: using a counter to count the H sync pulses or timing the differences between the sync signals to count the H sync pulses. (DE-130 at 29:13-18.) Thus, while both experts testified at the *Markman* hearing that it was necessary to count the H sync pulses, at the hearing, neither one definitively stated that the Patent makes it clear that the

counting must be done by a counter, as opposed to a timer, or other device.   In other words, both experts agreed on the function (counting sync pulses) but neither definitely stated what the disclosed corresponding structure was.

Plaintiffs argue that all of the evidence supports only one conclusion: the '385 Patent discloses a counter of known structure to a person of ordinary skill in the art.  The evidence, however, is not nearly that definitive.  While Plaintiffs' expert later stated in his Validity Report that the corresponding structure is a counter that increments on each H sync and resets on a V sync, he was not that definitive at the *Markman* hearing.  Further, while Defendants' expert recognized that the Patent discloses that the H sync signals must be counted, he repeatedly stated the Patent does not disclose the exact structure or means for counting.  Moreover, other witnesses, who would qualify as persons of ordinary skill in the art, when asked about Auto Line Number 30, were unable to identify a  counter, let alone a specific counter of known structure. Dr. William Glenn, the inventor of the Patent, after having had time to review the Patent, stated that there were "several possible circuits that could [recognize the number of lines]." (Glenn Dep. 216:22-217:5.) John Marcinka, Dr. Glenn's laboratory manager at the time of the invention, stated that he did not know what the Auto Line Number 30 box was.  (Marcinka Dep. 77:21-25.) Dr. Frederic Kahn also stated that he did not know what was inside the Auto Line Number 30 box.  (Kahn Dep. 26:5-16; 39:7-11.)  It is undisputed that all of these people would qualify as a person of ordinary skill in the art. Yet, they were unable to identify the counter that Plaintiffs assert would be "immediately" recognizable to such a person.  Thus, contrary to Plaintiffs' contentions, the '385 Patent does not clearly disclose a counter of known structure.

Plaintiffs further contend that the Court erroneously conflated the testimony and opinions

related to indefiniteness and the testimony and opinions related to infringement.  First, the Court

notes that any testimony given at the *Markman* hearing was solely for the purpose of construing

the claims.  Thus, when Plaintiffs' expert testified at the *Markman* hearing, as set out above, that

the number of lines could be recognized by using a counter or timer, he was testifying only about

how to construe the claims, not about possible equivalents of the claims.  Further, despite

Plaintiffs' contentions otherwise, portions of their expert's Infringement Report did directly

address the Patent, not just the equivalent structures.  Specifically, the language quoted by

Plaintiffs in their motion starts by stating that "I now consider the specific elements recited in

claim 1."  Thus, contrary to Plaintiffs' assertion, the Court's reliance on portions of the Invalidity

Report for purposes of claim construction was not misguided and did not result in the conflation

of claims construction and invalidity.  Accordingly, it is

ORDERED that:

1. Plaintiffs' Motion for Reconsideration of the Court's Order Granting Summary Judgment

on Indefiniteness and to Alter or Amend the Judgment By Vacating It [DE-308 in Case No. 12-

80701; DE-270 in Case No. 12-80694; and DE-272 in Case No. 12-80697] is DENIED.

2. Plaintiffs' Request for Oral Argument [DE-309 in Case No. 12-80701, DE-271 in Case

No. 12-80694; and DE-273 in Case No. 12-80697] is DENIED.

DONE and ORDERED in Miami, Florida, this __3rd__ day of October, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record